IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

FARM CREDIT LEASING SERVICES CORPORATION

    PLAINTIFF,

V.        NO. 4:19-cv-19-280-KGB

TODD WELDON SMITH,

    DEFENDANT

## MOTION TO COMPEL WITH BRIEF INCORPORATED PURSUANT TO FRCP RULE 37

Comes the Defendant, Todd Weldon Smith, and for his motion to compel with brief incorporated pursuant to FRCP Rule 37, states:

## INTRODUCTION

1. This motion is filed pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 37 and Local Rule 7.2(g).

2. Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).* Under this standard, the Rules envision and require open, far-reaching discovery. See *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 96th Circ. 1998) (citing *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 501 (6th Circ. 1970)).

3. FRCP 26(b)(1) provides that a party may obtain discovery "regarding any non-

privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b) (1).

4. That Plaintiff answered Defendant's first set of written discovery on September 19, 2019.

5. That Plaintiff objected to every question. See Exhibit A.

6. Pursuant to Local Rule 7.2 (g) the parties have conferred by email but counsel for Plaintiff does not understand he cannot just issue blanket objections without a good faith basis.

**BRIEF**

7. Regarding Interrogatory No. 1, Plaintiff objects to giving the names and addresses of any person who has knowledge of any discoverable matter or who will be called as a witness. Does Plaintiff not intend to call witnesses? How is refusing to provide a list of witnesses not in bad faith? Plaintiff objects to telling Defendant what its witnesses will testify to. How is this proper?

8. Regarding Interrogatory No. 2, Plaintiff refuses to tell Defendant what his witnesses will testify to. This cannot possibly be a good faith answer in compliance with FRCP Rule 26.

9. Plaintiff refuses to answer Request for Production No. 1 without any objection. How is this proper in accordance with Federal Rules of Civil Procedure on discovery? Is Defendant not entitled to a copy of all documents Plaintiff intends to use at trial?

10. Plaintiff refuses to provide Defendant with its expert information in Interrogatory No. 6.

11. Plaintiff refuses to answer Request No. 2 and provide Defendant its expert witness report.

12. In regard to Request for Production No. 3, Plaintiff refuses to provide Defendant a copy of his entire file in possession of Plaintiff. It is clear Plaintiff is sandbagging and should be

ordered to stop playing discovery games. The request is not overbroad. Defendant has no way to know what is in his file so he cannot be more specific.

13. Plaintiff refuses to answer Interrogatory No. 8 and comply with the Federal Rules of Discovery. This answer is a joke and Plaintiff should be ordered to comply with supplementing its discovery.

14. That the discovery sent was standard discovery and Plaintiff objected to every question without a good faith basis.

15. Plaintiff should be ordered to answer the discovery sent by Defendant without objection.

WHEREFORE, Defendant, Todd Weldon Smith, requests this Court grant his motion to compel pursuant to FRCP Rule 37 with brief incorporated, and for all other proper relief.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

Farm Credit Leasing Services Corporation,

    Plaintiff,

v.

Todd Weldon Smith,

    Defendant.

Case No.:4:19-cv-00280-KGB

**PLAINTIFF FARM CREDIT LEASING SERVICES CORPORATION'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Farm Credit Leasing Services Corporation ("FCL") responds to Defendant Todd Weldon Smith's First Set of Discovery Requests as follows:

INTERROGATORY NO. 1: State the name, address and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Plaintiff.

**RESPONSE**: FCL objects to this request on grounds the request for trial witnesses seeks information protected by the work-product doctrine and seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving those objections:

- Representatives of FCL have knowledge of FCL's lease documents, demands on Plaintiff, and amounts due and owing;

- FCL has knowledge of all issues surrounding the lease of equipment and lease documents; and

- Representatives of Northland Capital Financial Services have information relevant to the lease attached as Exhibit 4 to Plaintiff's Complaint.

EXHIBIT A

INTERROGATORY NO. 2: State what knowledge each person identified in Interrogatory No. 1 possesses regarding the allegations contained in plaintiff's complaint.

**RESPONSE**: See FCL's objections and responses to Interrogatory No. 1.

REQUEST FOR PRODUCTION NO. 1: Please attach all documents or other items you may introduce as exhibits in the trial of this case, including any transcriptions of tape-recordings, or copies of any tapes or other recordings made.

**RESPONSE**: FCL objects to this request on grounds it seeks documents protected by the work-product doctrine and seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving those objections, see exhibits to FCL's Complaint.

INTERROGATORY NO. 6: Please identify each person you expect to call as an expert witness at trial, state the subject on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE**[1]: FCL objects to this interrogatory to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving that objection, FCL will disclose experts in accordance with the Federal Rules of Civil Procedure and applicable scheduling order.

REQUEST FOR PRODUCTION NO. 2: Please produce a copy of any and all reports provided to you by an expert witness.

---

[1] Plaintiff's Interrogatories do not proceed in numerical order. FCL responds to these Interrogatories consistently with how they are numbered by Plaintiff.

2

**RESPONSE**: FCL objects to this request to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving that objection, see FCL's response to Interrogatory No. 6.

REQUEST FOR PRODUCTION NO. 3: Produce for copying and inspection the entire file and all documents regarding Defendant Todd Weldon Smith.

**RESPONSE**: FCL objects to this request on grounds the phrases "entire file" and "all documents regarding" Defendant are vague, overbroad, and potentially seeks material that is irrelevant and/or not proportional to the needs of the case. FCL objects to this request to the extent it seeks confidential, proprietary information. Further, FCL objects to this request to the extent it seeks materials protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege. Subject to and without waiving those objections, FCL will produce relevant documents from its files, subject to the terms of an appropriate protective order.

INTERROGATORY NO. 8: Will you consider each of the above and foregoing interrogatories and requests for production of documents to be continuing in nature and supplement your responses to these interrogatories and requests for production of documents immediately upon receipt of any supplemental, contradictory, additional or other amendatory information?

**RESPONSE**: FCL objects to this interrogatory to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving that objection, and any objections asserted by FCL in response to any specific discovery request at issue, FCL will respond and supplement its responses to Plaintiff's discovery requests in accordance with the Federal Rules of Civil Procedure.

3

September 19, 2019

> By: /s/ *Henry C. Shelton, III*
> Henry C. Shelton, III (No. 2010015)
> ADAMS AND REESE LLP
> 6075 Poplar Avenue, Suite 700
> Memphis, TN 38119
> Telephone: (901) 525-3234
> Facsimile: (901) 524-5371
> hank.shelton@arlaw.com
>
> **ATTORNEYS FOR FARM CREDIT LEASING SERVICES CORPORATION**

## VERIFICATION

  Barrett Kranz, Senior Special Assets Officer of Plaintiff Farm Credit Leasing Services Corporation, being first duly sworn, on oath deposes and says that he has read Plaintiff's Responses to Defendant's Interrogatories, that he knows the contents thereof, and that said responses are true and correct to the best of his knowledge and belief.

*/s/ Barrett Kranz*
Barrett Kranz

Subscribed and sworn to before me this 19th day of September, 2019.

*/s/ Susan M. Bodin*
Notary Public

My Commission Expires: Jan 31, 2020

> SUSAN MARY BODIN
> NOTARY PUBLIC - MINNESOTA
> My Commission Expires Jan. 31, 2020

CORE/3009126.0221/154830338.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing documents was forwarded to attorneys for Defendant this 19th day of September, 2019.

By: /s/ *Henry C. Shelton, III*
Henry C. Shelton, III (No. 2010015)

**ATTORNEYS FOR FARM CREDIT LEASING SERVICES CORPORATION**