IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FARM CREDIT LEASING ) <br> SERVICES CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TODD WELDON SMITH ) <br> ) <br> Defendant. ) | Case No. 4:19-cv-00280-KGB |

## PLAINTIFF FARM CREDIT LEASING SERVICES CORPORATION'S MOTION TO COMPEL AND BRIEF IN SUPPORT

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Farm Credit Leasing Services Corporation ("FCL") moves this Court for an order compelling Defendant Todd Weldon Smith ("Smith") to produce documents responsive to Request Nos. 4-12, 14, and 18 of FCL's First Requests for the Production of Documents and to provide complete, non-evasive answers to Interrogatory Nos. 2, 4, 9, 20, and 22-27 of FCL's First set of Interrogatories.[1]

## BACKGROUND

This case concerns a commercial lease agreement initiated between Northland Capital Equipment Finance[2] and Defendant Smith, for the lease of certain agricultural equipment as is more specifically identified in the transaction documents to Smith ("the Lease"). By failing to make required payments, Smith defaulted on the Lease. FCL seeks to recover the amounts owed.

FCL served its First Set of Interrogatories and First Requests for Production of Documents on August 19, 2019. *See* Exhibit 1, FCL's First Set of Interrogatories, Requests for Production of

---

[1] FCL also seeks an award of its reasonable expenses incurred in bringing this motion pursuant to Federal Rule Civil Procedure 37(a)(5)(A).

[2] The Lease has since been assigned to FCL and FCL presently holds all rights, title and interest in and to the Lease and the equipment.

Documents, and Requests for Admission. FCL's First Set of Interrogatories sought basic information about the Lease, the circumstances under which Smith executed the Lease, and his relationship with Charles Schindler ("Schindler"), the dealer who sold FCL the relevant tractor, which FCL then leased to Smith. Likewise, FCL's First Requests for Production of Documents contained straightforward requests for documents such as communications regarding the Lease and photographs of the leased equipment.

Smith responded to FCL's discovery requests on September 13, 2019. He did not object to any of FCL's Interrogatories. He objected to one Request for Production. Nevertheless, Smith failed to meaningfully respond. For example, in response to Interrogatory No. 4, which asked Smith to identify documents relating to FCL's claims, Smith responded "I have no idea how to answer this question." Likewise, in response to Requests for Production Nos. 4-12, Smith stated only "I am looking," and produced only three documents.

On January 2, 2020, FCL's counsel sent correspondence outlining the deficiencies in Smith's discovery responses. *See* Exhibit 2, Letter from H. Shelton to J. Ogles. The letter requested that Smith update his deficient Interrogatory responses and supplement his document production within ten days, while offering to meet and confer in good faith.

After several weeks with no response, FCL's Counsel requested a "meet and confer" pursuant to Rule 37 and Local Rule 7.2. The parties conferred by telephone on February 5, 2020. Unfortunately, Smith's Counsel did not participate in good faith and refused to discuss the basis for any particular response. Instead, with very few exceptions, Smith's Counsel simply stated he was standing on his answers and that he did not need to explain his positions.[3] Despite FCL

---

[3] The discovery responses and refusal to confer in good faith are part of an emerging and disturbing pattern of obstructive conduct by Smith's Counsel, who also (1) refused to enter into a basic protective order to facilitate the production of FCL's internal documents, while at the same time filing a Motion to Compel production of those materials (*See* ECF Nos. 9 and 11, pending); (2) recently produced a handful of basic documents to FCL and declared,

Counsel's efforts to confer in good faith on the specific discovery disputes raised in this Motion, FCL and Smith were not able to resolve their disagreements.

## ARGUMENT

### I.     LEGAL STANDARD

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . " The rule "is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Pursuant to Rule 37(a)(3)(B), a party may move for an order compelling an answer to discovery requests. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* at (a)(4). Additionally, Rule 26(g) "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed.R.Civ.P. 26(g), advisory committee notes, 1983 amendment. It also requires the signing attorney to make a "reasonable inquiry" into the subject matter of a discovery response so as "to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.; see also, e.g., Comstock v. UPS Ground Freight Inc.*, No. 4:11CV000340 SWW, 2013 WL 3874281 (E.D. Ark. July 26, 2013), aff'd, 775 F.3d 990 (8th

---

inexplicably and without basis, that FCL's counsel could only show the documents to FCL in counsel's office; and (3) filed a Motion demanding FCL respond to his recent discovery requests in 10 days, without any reasonable basis for shortening the time period provided by the Federal Rules. (ECF No. 21).

Cir. 2014) (imposing sanctions on attorney for improper certification under Rule 26(g)). Rule 37(a)(5)(A) provides for payment of expenses incurred in bringing a motion to compel, if the motion is granted.

**II.     Smith Should be Compelled to Produce Documents Responsive to FCL's Requests For Production.**

In response to Request Nos. 4-12, Smith merely responded "I am looking." This is not an appropriate response under Rule 34, which provides that "for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If the responding party states it will produce copies of documents instead of permitting inspection, "the production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." *Id.*

Following the parties' meet and confer teleconference, Smith produced a handful documents responsive to Requests Nos. 4 and 7. Otherwise, Smith has neither updated nor supplemented his responses to Requests Nos. 5, 6, and 8-12. Additionally, it is not clear whether Smith has additional documents responsive to Request Nos. 4 and 7. Smith did not object to these requests and should be ordered to produce documents to Requests 4-12.

Request No. 14 seeks "Documents and communications, including any photographs, of any other equipment delivered to you, that you believe may be relevant to your claims or affirmative defenses." Exhibit 1. Smith responded: "No idea how to answer this overbroad request." *Id.* Again, that is not an appropriate response under Rule 34 and the request among those typically asked. To the extent Smith is attempting to object that Request No. 14 is overbroad, Rule 34 requires him to state the reasons for its objection. Regardless, during the parties' teleconference,

4

Smith's Counsel was not interested in discussing this request and stood on his response as proper. Smith should be ordered to produce documents responsive to Requests No. 14.

Request No. 18 seeks documents Smith provided to or received from the FBI, U.S. Attorneys' Office, or any other government or law enforcement agency regarding Delta Southern, Charles Schindler, or this lawsuit.[4] Smith objected on the grounds of attorney-client privilege and further responded "I also have no idea." Documents provided to or received from the FBI, U.S. Attorneys' Office, or any other government or law enforcement agency are not protected by the attorney-client privilege, and "I have no idea" is not an appropriate response. During the parties' teleconference, Smith's Counsel stood on this objection, but at the same time agreed to produce one document from the U.S. Attorney's Office. Smith produced that document, but it remains unclear whether any other responsive documents exist. Smith should be ordered to produce documents responsive to Requests No. 18.

### III.  Smith Should be Compelled to Provide Complete, Non-Evasive Responses to FCL's Interrogatories.

Interrogatory No. 2 asked Smith to identify each person or entity known to him with knowledge of any facts relating to this action, stating in detail the nature and extent of each person's knowledge. Smith identified a number of individuals, but did not detail the matters of which each person has knowledge. Smith did not object to this interrogatory and should be compelled to provide a complete answer.

Interrogatory No. 4 asked Smith to identify documents, written materials and/or communications that relate in any way to or contain facts or opinions related to the claims in this action. Smith responded "I have no idea how to answer this question." That is not an appropriate

---

[4] Schindler was under investigation and recently was sentenced by the United States District Court for the Eastern District of Mississippi, after pleading guilty to wire fraud.

or sufficient response, nor does it constitute a valid objection. During the parties' teleconference, Smith's Counsel was uninterested in discussing whether clarification from FCL was needed or would be helpful, and instead simply stood on his answer as proper. Because Smith refused efforts to discuss the intent of the interrogatory, and did not assert any objections to it, he should be compelled to provide a complete answer.

Interrogatory No. 9 asked whether the document attached as Exhibit 4 to the Complaint is a full, true and correct copy of the Lease, and, if not, to describe in detail all aspects in which the instrument differs from the Lease. Smith responded "I did not sign on August 1, 2017." During the parties' teleconference, FCL's Counsel explained that aside from being nonresponsive, this response is evasive because it is unclear whether Smith is denying signing the Lease altogether, or whether he is denying signing the Lease on the date August 1, 2017. Smith's Counsel refused to clarify. Having stated no objections, Smith should be compelled to provide a complete response to this interrogatory.

Interrogatory No. 20 asked Smith to describe the circumstances in which he signed the Lease and related Lease documents. Smith responded "I did not sign on that date. Your employee changed the date." Like his response to Interrogatory No. 9, Smith's response to Interrogatory No. 20 is evasive—it is unclear whether Smith is denying signing the Lease altogether, or whether he is denying signing the Lease on the specific date of August 1, 2017. Also, Smith alleges that FCL's employee "changed the date," but he provides no explanation for this sensational allegation. There is no basis for Smith to refuse to provide basic information about his positions. His refusal to do so reflects an intent to frustrate FCL's legitimate and good faith efforts to obtain relevant and responsive information and to otherwise obstruct discovery. Having stated no objections, Smith should be compelled to provide a complete, non-evasive response to this interrogatory—including

6

a clear statement of whether or not Smith signed the Lease on *any* date, the date he signed it, who was present; and what Smith means by his allegations of an FCL employee "changing the date."

Interrogatory No. 22 asked Smith whether he claims to be excused from performing any of the obligations under the Lease Documents, and if so, to state facts constituting the excuse. Smith responded, "Yes, because it is back-dated, forged, and not enforceable." Once again, Smith's response is evasive and incomplete. If Smith is taking the position that he did not sign the Lease Documents on August 1, 2017, but did sign them on a different date, FCL is entitled to that information. Having stated no objections, Smith should be compelled to provide a complete, non-evasive answer to this interrogatory.

Interrogatory No. 23 asked whether Smith informed FCL of any reason for non-performance under the Lease Documents and, if so, to state, among other things, the date and manner of the communication.  Smith merely responded, "Yes, by my attorney."  Once again, this answer is incomplete.  During the parties' teleconference, Smith's counsel stated these communications involved Smith's former attorney and, therefore, he didn't know details about them.  Smith's counsel's personal knowledge of the responsive information is irrelevant.  The information is within Smith's knowledge—accordingly, Smith should be compelled to provide a complete answer that includes, at least, the date of such communication and the name of each person having knowledge of the communication.

Interrogatories 24-27 inadvertently use the word "Plaintiffs" instead of "Defendant."  Both in FCL's letter and the parties' teleconference, FCL's Counsel explained this simple, obvious typo and asked Smith to provide a supplemental response, given the clarification. Smith has refused. Smith has not objected to these Interrogatories and should be compelled to provide full and complete responses.

**CONCLUSION**

Smith has failed to produce documents responsive to Request Nos. 4-12, 14, and 18 of FCL's First Requests for the Production of Documents, and Smith's answers to Interrogatory Nos. 2, 4, 9, 20, and 22-27 of FCL's First set of Interrogatories are incomplete, evasive, and otherwise improper. For the reasons set forth above, Smith should be compelled to produce documents responsive to the foregoing requests and complete answers to the foregoing interrogatories.

In addition, FCL should be awarded its reasonable expenses in bringing this Motion, pursuant to Federal Rule Civil Procedure 37(a)(5)(A).

Respectfully submitted,

Henry C. Shelton, III
Bar # 2010015
***Attorneys for Farm Credit Leasing Services Corporation***
ADAMS AND REESE LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Phone  (901) 525-3234
Fax     (901) 524-5419
henry.shelton@arlaw.com

Andrew Scavotto, (*pro hac vice*)
Julie C. Scheipeter (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., 11th Floor
St. Louis, MO  63105
Phone:  (314) 863-0800
Fax:  (314) 863-9388
andrew.scavotto@stinson.com
julie.scheipeter@stinson.com

CORE/3009126.0221/157669238.3

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system this 26th day of February 2020.

                                           Henry C. Shelton, III
                                           *Attorney for Farm Credit Leasing Services Corporation*

CORE/3009126.0221/157669238.3