

**Attorneys at Law**
Alabama
Florida
Georgia
Louisiana
Mississippi
South Carolina
**Tennessee**
Texas
Washington, DC

Henry C. Shelton, III
Direct: 901.524.5271
E-Fax: 901.524.5371
henry.shelton@arlaw.com

January 2, 2020

**Via U.S. Mail and
Email jogles@aol.com**
John Ogles, Esq.
Ogles Law Firm, P.A.
200 S Jeff Davis
P.O. Box 891
Jacksonville, AR 72078

Dear John,

We write regarding Defendant Todd W. Smith's responses to Farm Credit Leasing Services Corporation's ("FCL") First Set of Interrogatories and First Requests for Production of Documents. Smith's responses are deficient and fail to comply with the Federal Rules of Civil Procedure in many ways, as detailed below.

Rule 26(g) "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." Fed.R.Civ.P. 26(g), advisory committee notes, 1983 amendment. It also requires the signing attorney to make a "reasonable inquiry" into the subject matter of a discovery response so as "to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.; see also, e.g., Comstock v. UPS Ground Freight Inc.*, No. 4:11CV000340 SWW, 2013 WL 3874281 (E.D. Ark. July 26, 2013), aff'd, 775 F.3d 990 (8th Cir. 2014) (imposing sanctions on attorney for improper certification under Rule 26(g)).

Blank discovery responses (see response to Interrogatories 7 and 8) and discovery responses that simply state "I have no idea how to answer this question" (see response to Interrogatory No. 4), violate Rule 26(g).

We hope to resolve these issues without Court intervention. Accordingly, we outline the deficiencies below:

Interrogatories

First, the responses to FCL's Interrogatories were not verified by Smith. Please produce a Verification page immediately.

**Interrogatory No. 2** asked Smith to identify each person or entity known to him with knowledge of any facts relating to this action. For each identified person or entity, Mr. Smith was asked to state in detail the matters of which each person or entity has knowledge. Mr. Smith identified a number of individuals with knowledge but did not detail the matters of which each person has knowledge. Please supplement this response with the requested information.

John Ogles, Esq.
January 2, 2020
Page 2

**Interrogatory No. 4** asked Smith to identify any and all documents, written materials and/or communications that relate in any way to or contain facts or opinions related to the claims in this action. Smith responded "I have no idea how to answer this question." That is not an appropriate or sufficient response, nor does it constitute a valid objection to the Interrogatory. Please provide an amended response to Interrogatory No. 4

Smith did not provide any response to **Interrogatory Nos. 7 and 8**. Please provide responses to these Interrogatories.

**Interrogatory No. 9** asked Smith to state whether the document attached as Exhibit 4 to the Complaint is a full, true and correct copy of the 16538 Lease, and, if not, to describe in detail all aspects in which the instrument differs from the 16538 Lease. Smith responded "I did not sign on August 1, 2017." This response is ambiguous in that is not clear whether Smith is denying signing the 16538 Lease altogether, or whether he is denying signing the 16538 Lease on the date August 1, 2017. Please clarify.

**Interrogatory No. 20** asked Smith to describe the circumstances in which he signed the 16538 Lease Documents. Smith responded "I did not sign on that date. Your employee changed the date." If Smith did not sign the 16538 Lease Documents on August 1, 2017, please identify whether and when he did sign them; who was present; and what Smith means by his allegations of an employee "changing the date." This information was requested in the Interrogatory and should have been provided. Please supplement the response with a complete answer.

**Interrogatory No. 22** asked Smith to state whether he claims to be excused from performing any of the obligations under the 16538 Lease Documents, and if so, to state facts constituting the excuse. Smith responded, "Yes, because it is back-dated, forged, and not enforceable." Once again, I ask that Smith provide a complete answer. If Smith did not sign the 16538 Lease Documents on August 1, 2017, please identify if and when he signed them, and who was present. This information was requested in the Interrogatory and should have been provided.

**Interrogatory No. 23** asked Smith to state whether he informed FCL of any reason for non-performance under the 16538 Lease Documents and, if so, to state, among other things, the date and manner of the communication. Smith merely responded, "Yes, by my attorney." This answer is incomplete. Please supplement with a complete answer that includes, at least, the date of such communication and the name of each person having knowledge of the communication.

**Interrogatories 24-27** inadvertently use the word "Plaintiffs" instead of "Defendant." This was a simple typo. There is no question who the Plaintiff and Defendant is here, and your response is inappropriate. Please provide responses to these Interrogatories, which, of course, are directed to the "Defendant" Todd Weldon Smith.

Requests for Production

In response to **Requests for Production Nos. 4-12** Smith responded, "I am looking." That is not an appropriate response under Rule 34. Rule 34 provides that "for each item or category, the response must either state that inspection and related activities will be permitted as requested or

John Ogles, Esq.
January 2, 2020
Page 3

state with specificity the grounds for objecting to the request, including the reasons." Please amend these responses in accordance with Rule 34 and produce responsive documents within ten days.

In response to **Request No. 14,** Smith responded, "No idea how to answer this overbroad request." Again, that is not an appropriate response under Rule 34. If Smith has an objection to the request, please state with specificity the grounds for the objection.

**Request No. 18** asked for documents you provided to or received from the FBI, U.S. Attorneys' Office, or any other government or law enforcement agency regarding Delta Southern, Charles Schindler, or this lawsuit. Smith objected on the grounds of attorney-client privilege and further responded, "I also have no idea." Documents provided to or received from the FBI, U.S. Attorneys' Office, or any other government or law enforcement agency are not protected by the attorney-client privilege, and "I have no idea" is not an appropriate response under Rule 34. Please amend this response in accordance with Rule 34 and produce responsive documents within ten days.

In addition to providing you with the information in this letter, we are also willing to discuss these issues with you be telephone at a mutually agreeable time over the next week in a good faith effort to resolve any disputes. Should that be necessary, please advise of your availability for a call.

Otherwise, we request that Smith update his deficient Interrogatory responses and supplement his document production within ten days.

Please note that in the event we are unable to reach agreement, we will seek relief from the Court, including a request for our expenses and attorneys' fees as authorized by Rule 26(g)(3) and Rule 37(a)(5).

                                                                                   Sincerely,

                                                                                   **ADAMS AND REESE LLP**

                                                                                   Henry C. Shelton, III

HCS/mt