**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| FARM CREDIT LEASING | ) | |
| SERVICES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00280-KGB |
| | ) | |
| TODD WELDON SMITH | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF FARM CREDIT LEASING SERVICES CORPORATION'S MOTION TO DISMISS DEFENDANT TODD WELDON SMITH'S COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff/Counterclaim Defendant Farm Credit Leasing Services Corporation's ("FCL") respectfully moves the Court to dismiss Defendant/Counterclaimant Todd Weldon Smith's ("Smith") Counterclaim in its entirety.    In support its Motion, and as set forth more fully in FCL's Brief in Support of Motion to Dismiss filed contemporaneously herewith, FCL states as follows:

1.       Smith alleges no facts showing that FCL filed this lawsuit for an improper, ulterior purpose, as is necessary to state a claim for abuse of process.  Nothing in Smith's Counterclaim suggests FCL is using the legal process to do anything other than accomplish the valid objective of collecting a debt.  Accordingly, Smith fails to state a claim for abuse of process and this claim should be dismissed.

2.       Smith's claim for outrage fails because Smith did not allege that FCL intended to inflict emotional distress on him or knew or should have known that emotional distress would result from this lawsuit.  The Complaint also lacks allegations that FCL's conduct of filing this action is "extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community," or that he has suffered such severe emotional distress that no reasonable

persona could be expected to endure it, as is required for the tort of outrage.  Therefore, Smith's claim for outrage must be dismissed.

3.      To properly state a claim for deceit, Smith must allege some justifiable reliance on a misrepresentation by FCL.  Smith's Counterclaim contains no allegations of any reliance on a statement by FCL, let alone a knowingly false statement.  Smith fails to state a claim for deceit, and this claim must be dismissed.

4.      Finally, Smith's claim for violation of the Fair Debt Collection Practices Act ("FDCPA") is wholly conclusory and contains no allegations from which the Court could reasonably infer FCL is a debt collector under the FDCPA.  Accordingly, Smith fails to state a claim for violation of the FDCPA and this count should be dismissed.

5.      Because Smith has failed to state a claim to relief on any of his four counterclaims, the Counterclaim should be dismissed in its entirety.  In further support of this Motion, FCL incorporates the argument and authority set forth in its Brief in Support of Motion to Dismiss filed contemporaneously herewith.

WHEREFORE, Plaintiff/Counterclaim Defendant Farm Credit Leasing Services Corporation respectfully moves this Court to dismiss Defendant/Counterclaimant Todd Weldon Smith's Counterclaim in its entirety and for any further relief this Court deems just and proper.

Respectfully submitted,

Henry C. Shelton, III
Bar # 2010015
***Attorneys for Farm Credit Leasing Services Corporation***
ADAMS AND REESE LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Phone  (901) 525-3234
Fax     (901) 524-5419

CORE/3009126.0221/158014384.1

henry.shelton@arlaw.com

Andrew Scavotto, (*pro hac vice*)
Julie C. Scheipeter (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., 11th Floor
St. Louis, MO  63105
Phone:  (314) 863-0800
Fax:  (314) 863-9388
andrew.scavotto@stinson.com
julie.scheipeter@stinson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system this 2nd day of March 2020.

Henry C. Shelton, III
*Attorney for Farm Credit Leasing Services Corporation*

CORE/3009126.0221/158014384.1