## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

FARM CREDIT LEASING                   )
SERVICES CORPORATION,                 )
                                      )
      Plaintiff,                      )
                                      )
v.                                    )      Case No. 4:19-cv-00280-KGB
                                      )
TODD WELDON SMITH                     )
                                      )
      Defendant.                      )

## PLAINTIFF FARM CREDIT LEASING SERVICES CORPORATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT TODD WELDON SMITH'S COUNTERCLAIM

Nearly a year ago, Plaintiff Farm Credit Leasing Services Corporation's ("FCL") filed a straightforward Complaint against Defendant Todd Weldon Smith ("Smith") seeking amounts owed as a result of Smith's defaults under two commercial equipment leases (the "Leases"). On February 4, 2020, FCL filed an Amended Complaint that significantly *narrowed* the scope of this case by removing its claim under one of the Leases. (Doc. 20.) FCL abandoned that claim voluntarily and in good faith, after its investigation and expert analysis revealed Smith likely did not execute the Lease at issue. In the Amended Complaint, only one of the Leases remains at issue.

In response to FCL's Amended Complaint, Smith filed a Counterclaim that significantly *expands* the scope of this litigation with four new purported causes of action for abuse of process, outrage, deceit, and violation of the Fair Debt Collection Practices Act. (Doc. 22.) Smith filed his Counterclaim without leave of Court, despite the deadline for amending pleadings having passed, and less than two months away from the discovery cutoff of April 1, 2020. Smith's Counterclaim also seeks compensatory and punitive damages for medical bills, mental anguish, and pain and

suffering, none of which could plausibly be recoverable in this basic action for breach of an equipment lease. (*Id.*)

Essentially, Smith's four counterclaims assert that FCL initiated this litigation improperly. Although Smith's allegations are not entirely clear, FCL understands Smith is alleging that FCL should not have sued because Smith was defrauded by equipment dealer Charles Schindler ("Schindler"), a non-party, in connection with the Leases and FCL was aware of the fraud. Because each of Smith's counterclaims fail to state a claim to relief that is plausible on its face, the Counterclaim should be dismissed in its entirety.

## ARGUMENT

### I.    LEGAL STANDARD

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "statement of facts that merely creates a suspicion [of] a legally cognizable right of action" is insufficient. *Twombly*, 550 U.S. at 555 (internal quotation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678, and a complaint pleading facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In order to state a claim that is plausible on its face, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying this standard, the court must disregard conclusions couched as factual allegations, as well as allegations which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

CORE/3009126.0221/157886233.2

## II.        Smith Fails to State a Claim for Abuse of Process

To state a claim for abuse of process, a plaintiff must show:

> (1) a legal procedure set in motion in proper form, even with probable cause and ultimate success;
>
> (2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed; and
>
> (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding.

*S. Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 501 (2001). According to the Arkansas Supreme Court, the test is whether a judicial process is used to extort or coerce. *Id.* Thus, the alleged ulterior purpose is a key element. *Id.* at 501-02 ("The key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed.").

Here, in this straightforward breach of lease action, none of Smith's allegations come close to stating a plausible claim for abuse of process. Smith alleges that FCL's lawsuit constitutes abuse of process because FCL "is aware that [Smith] never received two 2015 tractors." (Doc. 20, ¶ 32.) Smith concludes FCL's lawsuit was filed "willfully using the complaint as extortion," but alleges no facts showing that FCL filed this lawsuit for some ulterior purpose. (*Id.*) Nothing in Smith's Counterclaim even suggests FCL is using the legal process to do anything other than accomplish the valid objective of collecting a debt. Moreover, Smith failed to allege any willful act that is not "proper in the regular conduct of the proceeding." *See id.* at 501.

Smith's claim for abuse of process is nothing more than an assertion of his defenses. Apparently, Smith contends FCL cannot recover under the Lease because he never received the leased equipment. Smith's defenses to liability do not give rise to a claim for abuse of process.

3

Because Smith does not assert that FCL's Complaint was filed for an ulterior purpose, he fails to state a claim for abuse of process and this claim must be dismissed.

### III.     Smith Fails to State a Claim for the Tort of Outrage

To state a claim for outrage, a plaintiff must show:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct;
>
> (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community;
>
> (3) the actions of the defendant were the cause of the plaintiff's distress; and
>
> (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Crockett v. Essex*, 341 Ark. 558, 563, 19 S.W.3d 585, 589 (2000) (internal quotes omitted). The Arkansas Supreme Court takes a strict approach in determining the validity of outrage cases, stating "the tort of outrage should not and does not open the doors of the courts to every slight insult or indignity one must endure in life." *Travelers Ins. Co. v. Smith,* 338 Ark. 81, 89, 991 S.W.2d 591 (1999), *citing Tandy Corp. v. Bone,* 283 Ark. 399, 405, 678 S.W.2d 312, 315 (1984). Additionally, the Court has noted that merely describing conduct as outrageous is insufficient. *Crockett v. Essex*, 341 Ark. 558, 564 (2000).

Here, Smith simply asserts FCL has a filed a lawsuit that is "not true." (Doc. 20 at ¶ 33.) Smith fails to allege, even in a conclusory manner, that FCL intended to inflict emotional distress on him or knew or should have known that emotional distress would result from the lawsuit. Moreover, there are no allegations that FCL's conduct of filing this action is "extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community," or that he has suffered such severe emotional distress that no reasonable personal could be expected to endure it. Even if asserted, such allegations would be wildly implausible.

CORE/3009126.0221/157886233.2

Like his claim for abuse of process, Smith's claim for outrage simply repackages his defenses. Smith may deny FCL's allegations, but this does not give rise to a claim for outrage and the claim should be dismissed.

**IV.  Smith Fails to State a Claim for Deceit**

To establish a claim for deceit, a plaintiff must demonstrate the following elements:

(1) a false representation of a material fact,

(2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation,

(3) intent to induce action or inaction in reliance upon the representation,

(4) justifiable reliance, and

(5) damage suffered as a result of that reliance.

*Wheeler Motor Co. v. Roth*, 315 Ark. 318, 324 (1993). Here, Smith makes one complaint—that FCL alleges Smith "has in his possession two 2015 tractors." (Doc. 22 at ¶ 34.) FCL's allegation is that Smith entered into a Lease for a 2015 tractor. This is apparent from the Lease documents. (Doc. 20, Amended Complaint and Exhibits). To properly state a claim for deceit, Smith must allege that he justifiably relied upon FCL's allegations, somehow, and that such reliance caused him damages. Smith makes no such allegations. Even if he did, his claim would be wildly implausible.

The key to a claim for deceit is justifiable reliance on a false representation. Smith's Counterclaim fails to allege any reliance on the alleged misrepresentation. In addition, Smith fails to allege intent by FCL to induce action or inaction by Smith in reliance upon the representation. Because Smith fails to state a claim for deceit, this claim must be dismissed.

CORE/3009126.0221/157886233.2

### V. Smith Fails to State a Claim for Violation of the Fair Debt Collection Practices Act

Smith's FDCA claim consists of two sentences: "Plaintiff's actions in filing its lawsuit against Defendant violate 15. U.S.C. 1601 et seq. There is not a debt owed to Plaintiff by Defendant as described herein." (Doc. 22 at ¶ 35.) These allegations are conclusory and contain no factual content enabling this Court to draw the reasonable inference that FCL is liable under the FDCPA. The claim fails on its face and should be dismissed on those grounds alone.

Moreover, to state a viable FDCPA claim, a plaintiff must allege facts making it plausible to believe that the defendant is a debt collector, as defined by the FDCPA. 15 U.S.C. § 1692a(6); *see also Givens v. Citimortgage, Inc.*, PJM–10–1249, 2011 WL 806463, at *2 (D.Md. Feb. 28, 2011); *Johnson v. BAC Home Loans Servicing, LP*, 867 F.Supp.2d 766, 777 (E.D.N.C. Sept. 29, 2011) (noting that a court must determine whether the defendant is a "debt collector" as contemplated by the FDCPA before assessing whether "Plaintiffs have validly stated claims of violations"); *Moore v. Commonwealth Trustees, LLC*, 2010 WL 4272984, at *2 (E.D.Va. Oct. 25, 2010) (same). The FDCPA defines a "debt collector" as: (a) any entity whose "principal purpose . . . is the collection of any debts" (the "principal purpose" definition), or (b) any entity that "regularly collects or attempts to collect . . . debts owed or due . . . another" (the "regularly collects" definition). 15 U.S.C. § 1692a(6). The Supreme Court recently clarified the FDCPA does not apply to creditors collecting debts in their own names and whose primary business is not debt collection. *See Henson et al. v. Santander Consumer USA Inc*., 137 S. Ct. 1718 (2017) (holding that under the FDCPA, a business may collect debts it purchased for its own account without triggering the statutory definition of "debt collector" under the FDCPA).

Smith's Complaint contains no allegations from which the Court could reasonably infer FCL is a debt collector under the FDCPA. There is no allegation that FCL's primary business is

the collection of debts, nor is there any allegation that FCL regularly collects or attempts to collect debts owed or due to another. Nor could Smith make such allegations plausibly, as FCL owns the debt it is seeking to collect. *See id.* at 1721-22.

Smith has failed to state a claim for violation of the FDCPA. Once more, Smith attempts to assert his defenses to FCL's Complaint and Amended Complaint as an affirmative counterclaim. These tactics should not be condoned.

## CONCLUSION

Smith's Counterclaim is an inappropriate, eleventh-hour attempt to expand the scope of this litigation. Each of his counterclaims are nothing more than a recitation of his defenses to FCL's claims. Because Smith has failed to state a claim to relief on any of his four counterclaims, the Counterclaim should be dismissed in its entirety.

Respectfully submitted,

Henry C. Shelton, III
Bar # 2010015
***Attorneys for Farm Credit Leasing***
***Services Corporation***
ADAMS AND REESE LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Phone  (901) 525-3234
Fax     (901) 524-5419
henry.shelton@arlaw.com

Andrew Scavotto, (*pro hac vice*)
Julie C. Scheipeter (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., 11th Floor
St. Louis, MO  63105
Phone:  (314) 863-0800
Fax:  (314) 863-9388
andrew.scavotto@stinson.com
julie.scheipeter@stinson.com

CORE/3009126.0221/157886233.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on all counsel of record via the Court's electronic filing system this 2nd day of March 2020.

Henry C. Shelton, III
*Attorney for Farm Credit Leasing Services Corporation*

CORE/3009126.0221/157886233.2