IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

FARM CREDIT LEASING SERVICES CORPORATION

           PLAINTIFF,

V.                          NO. 4:19-cv-19-280-KGB

TODD WELDON SMITH,

           DEFENDANT

### DEFENDANT'S SECOND MOTION TO COMPEL
### WITH BRIEF INCORPORATED
### PURSUANT TO FRCP RULE 37

Comes the Defendant, Todd Weldon Smith, and for his second motion to compel with brief incorporated pursuant to FRCP Rule 37, states:

### INTRODUCTION

1. This motion is filed pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 37 and Local Rule 7.2(g).

2. Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under this standard, the Rules envision and require open, far-reaching discovery. See *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 96th Circ. 1998) (citing *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Circ. 1970)).

3. FRCP 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b) (1).

4. That Plaintiff answered Defendant's second set of discovery. See Exhibit A.

5. That Defendant attempted to resolve the discovery dispute with Plaintiff's counsel. However, Plaintiff's counsel idea of meet and confer is for Defendant to compromise on relevant discovery requests and essentially reduce what Defendant seeks. Plaintiff is not playing by the same discovery rules as Defendant and all other litigants in Arkansas. Plaintiff has not provided one document yet expects Defendant to reduce what he seeks in discovery. See Exhibit B.

6. That Plaintiff should be ordered to answer without objection the discovery sent. The discovery is the same that Plaintiff sent to Defendant.

7. Pursuant to FRCP Rule 26 the information sought is non-privileged and will lead to information relevant to Defendant's defense.

**BRIEF**

8. That the information sought in Interrogatory No. 1 is discoverable and will lead to discoverable material pursuant to FRCP Rul 26. Plaintiff has filed a claim in the criminal case of Charles Schindler for $2,298,983.73. Part of the claim involves that Plaintiff is suing Defendant for. Defendant is entitled to see the documents between Plaintiff, Plaintiff's counsel and the U.S. Attorney in Mississippi. Plaintiff does business with Delta Southern regarding Defendant. See Exhibit C. Defendant is entitled to this file and information.

9. Plaintiff should be ordered to answer Request No. 2 without objection. How is this information not discoverable pursuant to FRCP Rule 26? Plaintiff documents describing its losses regarding Defendant's case. Defendant is entitled to this information along with the response of the

U.S. Attorney in Mississippi.

10. Plaintiff should be ordered to provide this information to Defendant. Defendant provided this information to Plaintiff. It is certainly discoverable.

11. Plaintiff should be ordered to answer Request No. 4. CoBank owns Plaintiff. Further, Plaintiff sent the same request to Defendant which has been answered. It is certainly discoverable.

12. Plaintiff should be ordered to answer Request No. 7. Either Plaintiff has pictures, document and communications it believes to be relevant or it doesn't. There are not any confidential documents. All were disclosed either to Defendant, the U.S. Attorney in Mississippi, or a third party. Plaintiff should be ordered to answer.

13. Plaintiff should be ordered to provide unconditionally to Defendant. There are no privileged documents because they were sent to a third party. Further, Plaintiff is playing a game of words. All information is relevant in discovery for this case. Plaintiff does not get to choose.

WHEREFORE, Defendant, Todd Weldon Smith, requests this Court grant his second motion to compel pursuant to FRCP Rule 37 with brief incorporated, and for all other proper relief.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
jogles@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

Farm Credit Leasing Services Corporation,

    Plaintiff,

v.

Todd Weldon Smith,

    Defendant.

Case No.:4:19-cv-19-280-KGB

## PLAINTIFF FARM CREDIT LEASING SERVICES CORPORATION'S RESPONSES TO DEFENDANT'S SECOND SET OF DISCOVERY REQUESTS

Plaintiff Farm Credit Leasing Services Corporation ("FCL") responds to Defendant Todd Weldon Smith's ("Defendant") Second Set of Discovery Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:** Produce for copying and inspection all files and documents you have regarding Defendant, Delta Southern, and Charles Schindler including all criminal files and internal investigations.

**RESPONSE: FCL objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant and/or not proportional to the needs of the case, in that it requests all files FCL has regarding Delta Southern and Charles Schindler, without limiting the request to documents related to Defendant or the transactions at issue in this litigation. FCL further objects to this request to the extent it seeks materials protected by the attorney/client privilege and/or work product doctrine. Also, FCL objects to the extent this request seeks confidential, proprietary information. Subject to and without waiving these objections, FCL will produce responsive, non-privileged documents related to the transaction at issue in this lawsuit.**

1

CORE/3009126.0221/157555411.2

EXHIBIT K

Case 4:19-cv-00280-KGB   Document 28   Filed 03/10/20   Page 5 of 13

**REQUEST FOR PRODUCTION NO. 2:** Produce for copying and inspection all files, documents and information received from any federal or state crime investigation or prosecution of Charles Schindler or anyone regarding Plaintiff's complaint but not limited to Plaintiffs complaint.

**RESPONSE: FCL objects to this request to the extent it seeks materials protected by the attorney/client privilege and/or work product doctrine. In addition, FCL objects because the phrase "regarding Plaintiff's complaint but not limited to Plaintiffs complaint" is vague, ambiguous, and contradictory. Subject to and without waiving these objections, FCL will produce non-privileged, relevant documents responsive to this request.**

**REQUEST FOR PRODUCTION NO. 3:** Produce for copying and inspection all text messages concerning Charles Schindler and Delta Southern.

**RESPONSE: FCL objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant and/or not proportional to the needs of the case, in that it requests all text messages concerning Charles Schindler and Delta Southern, without limiting the request to text messages related to Defendant or the transactions at issue in this litigation. FCL further objects to this request to the extent it seeks materials protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving these objections, FCL is not aware of any text messages related to Defendant or the transactions at issue in this litigation in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 4:** Produce for copying and inspection all communications between Plaintiff and Co Bank.

**RESPONSE: FCL objects to this request as overbroad, unduly burdensome, and seeking information and material that is irrelevant and/or not proportional to the needs of**

2

the case in that is seeks every communication between FCL and its parent company, CoBank, without any restriction as to the subject matter of the communications sought. Responding to this request as written would require review and production of a massive amount of documents that have no relevance to this case whatsoever. The request is also overbroad and unduly burdensome in that it is not limited to any particular time period that may be relevant to this litigation. FCL further objects to this request to the extent it seeks confidential, proprietary, and/or trade secret information and materials protected by the attorney/client privilege and work product doctrine. FCL will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 5**: Produce for copying and inspection all documents and communications between Kisco Leasing Company, L. Tucker McCormick, Northland Capital, LLC, and Bank of the West.

**RESPONSE**: FCL is not aware of any responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 6**: Produce for copying and inspection all pictures of the subject equipment regarding Plaintiffs complaint.

**RESPONSE**: FCL is not aware of any responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7**: Produce for copying and inspection all documents, communications, including any photographs you believe to be relevant to Plaintiff's claims.

**RESPONSE**: FCL objects to this request as duplicative of prior requests for production and to the extent it seeks FCL's confidential and/or proprietary documents.

3

Over Defendant's objection, FCL has sought a protective order from the Court to protect the confidential and proprietary nature of such documents. FCL has collected and will produce relevant, responsive documents to this request upon the Court's ruling on its motion for protective order.

**REQUEST FOR PRODUCTION NO. 8**: Produce for copying and inspection all documents you provided to or received from the Federal Bureau of Investigation, United States Attorneys' Office, or any other government or law enforcement agency regarding Delta Southern and/or Charles Schindler, any transactions involving Delta Southern and/or Charles Schindler, the lease agreements or equipment at issue in this lawsuit, or any of the facts and circumstances concerning the claims and defenses asserted in this lawsuit.

**RESPONSE**: FCL will produce non-privileged, relevant documents responsive to this request and relating to the transaction at issue in this lawsuit.


Dated: March 6, 2020

By: /s/ *Julie Scheipeter*
Andrew J. Scavotto, Admitted *Pro Hac Vice*
Julie C. Scheipeter, Admitted *Pro Hac Vice*
STINSON LLP
7700 Forsyth Blvd., Ste. 1100
St. Louis, MO 63105
(314) 863-0800
andrew.scavotto@stinson.com
julie.scheipeter@stinson.com

Henry C. Shelton, III (8207)
ADAMS AND REESE LLP
6075 Poplar Avenue, Suite 700
Memphis, TN 38819
(901) 523-8311
hank.shelton@arlaw.com

**ATTORNEYS FOR FARM CREDIT LEASING SERVICES CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing documents was forwarded to attorneys for Defendant this 6th day of March, 2020.

By: /s/ *Julie Scheipeter*
Julie C. Scheipeter (Admitted Pro Hac Vice)

**ATTORNEYS FOR FARM CREDIT LEASING SERVICES CORPORATION**

**From:** Johnson Ogles <jogles@aol.com>
**To:** andrew.scavotto <andrew.scavotto@stinson.com>; julie.scheipeter <julie.scheipeter@stinson.com>
**Cc:** hank.shelton <hank.shelton@arlaw.com>
**Subject:** Re: FCL v. Smith
**Date:** Mon, Mar 9, 2020 1:03 pm

All should be answered without objection. The objections are improper, especially since you sent the same to me.

John Ogles
Ogles Law Firm, P.A.
200 S. Jeff Davis Jacksonville, Ar 72076
ph. 501.982.8339  fax 501.985.1403
Licensed in Ark, Texas, U.S. Tax Court and Supreme Court


-----Original Message-----
From: Scavotto, Andrew J. <andrew.scavotto@stinson.com>
To: Johnson Ogles <jogles@aol.com>; Scheipeter, Julie C. <julie.scheipeter@stinson.com>
Cc: hank.shelton@arlaw.com <hank.shelton@arlaw.com>
Sent: Mon, Mar 9, 2020 12:59 pm
Subject: RE: FCL v. Smith

John,

Our position is that FCL's responses and objections are proper. We're happy to meet and confer, but you'll need to explain which objections you're taking issue with, and what your specific issues are. That is impossible to determine from your email below.

Thanks
Andrew

**Andrew J. Scavotto**
Partner

STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105-1821
Direct: 314.719.3048 \ Bio

200 S. Jeff Davis Jacksonville, AR 72076
ph. 501.982.8339  fax 501.985.1403
Licensed in Ark, Texas, U.S. Tax Court and Supreme Court

-----Original Message-----
From: Scheipeter, Julie C. <julie.scheipeter@stinson.com>
To: 'John Ogles' <jogles@aol.com>
Cc: Essary, Shelley J. <shelley.essary@stinson.com>; Scavotto, Andrew J. <andrew.scavotto@stinson.com>
Sent: Fri, Mar 6, 2020 4:10 pm
Subject: FCL v. Smith

Counsel,

Attached please find FCL's Responses to Smith's Second Set of Discovery Requests.

Thank you,
Julie

**Julie C. Scheipeter**
Attorney

STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105-1821
Direct: 314.259.4589 \ Bio

AO 245B  (Rev. 11/16) Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

Judgment—Page 7 of 8

DEFENDANT: Charles Schindler
CASE NUMBER: 4:19CR00001-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Farm Credit Leasing<br>7700 Forsyth Blvd., Ste. 1100<br>St. Louis, MO 63105 | $2,298,983.73 | | |
| Northland Capital<br>333 3rd Avenue South<br>St. Cloud, MN 56301 | $270,000.00 | | |
| Hardi<br>c/o Adam Arceneaux, Attorney<br>Ice Miller LLP<br>One American Square, Ste. 2900<br>Indianapolis, IN 46282-0200 | $743,121.00 | | |
| DLL Finance<br>P. O. Box 2000<br>Johnston, IA 50131 | $472,430.65 | | |
| Falcon Leasing<br>28 11th Avenue South #103<br>St. Cloud, MN 56301 | $130,601.85 | | |

EXHIBIT C



**BNP PARIBAS**
**LEASING SOLUTIONS**

### ACCEPTANCE CERTIFICATE
### HOLD FOR DELIVERY

FOR EQUIPMENT SCHEDULE NO: ~~~~~~~~
TO COMMERCIAL MASTER LEASE NO: ~~~~~~~~
DATED: APRIL 26, 2016

LESSEE: TKK FARMS, LLC
138 BALEY RD
MCRAE, AR 72102

PHONE: 501-940-3475

SUPPLIER: DELTA SOUTHERN CHEMICAL COMPANY, LLC
PO BOX 1772
CLARKSDALE, MS 38614

PHONE: 859-963-6035

EQUIPMENT: See Exhibit A to Equipment Schedule
EQUIPMENT SCHEDULE LEASE TERMS:

Commencement Date of Lease: 04-27-2016 (To be filled in by us per Section 2 of the Schedule)
Lease Term (number of months): 60, plus any extension and renewal periods
Number of Rentals Paid in advance: 0 (First and Last 0)
End of Term: Purchase Option: $1.00
Annual Rental Amount: $43,048.94 each, due in May of each year beginning in 2017, tax exempt

This Acceptance Certificate has been written in plain English. The word "Schedule" refers to the specific Equipment Schedule referenced above which is part of the above referenced Commercial Master Lease Agreement ("Agreement"). The word "Equipment" refers to the personal property leased under the Schedule. The words "you" and "your" refer to the Lessee listed above. The words "we", "us" and "our" refer to the Lessor, Bank of the West. You agree that an electronically transferred or faxed version of this signed Acceptance Certificate shall be deemed to be of the same force and effect as an original of a manually signed Acceptance Certificate.

You hereby acknowledge the receipt in good condition of all of the Equipment in accordance with the terms and conditions of the Schedule and the Agreement as it relates to the Schedule. You accept this Equipment and agree that we have performed all of our obligations under the Agreement pertaining to this Schedule. You acknowledge that the lease established by this Schedule is NON-CANCELABLE for any reason until all of your obligations under this Agreement have been fulfilled. You acknowledge that you have selected the supplier and the Equipment based on your own judgment and that we have NO RESPONSIBILITY AS TO THE SATISFACTORY PERFORMANCE OR MAINTENANCE of the Equipment. WE MAKE NO WARRANTIES REGARDING THE EQUIPMENT. In reliance upon your execution of this Acceptance Certificate, we will pay the supplier for the Equipment. This Acceptance Certificate cannot be changed except in writing signed by you and us. Your Rentals due under the Schedule shall commence in accordance with the terms of the Schedule.

LESSEE:
TKK FARMS, LLC
Upon signing below you affirm that you are an authorized corporate officer, partner or proprietor of the Lessee.

Signature: _____
Print Name: Todd W Smith
Title: Owner
Acceptance Date: 4/27/2016

*After signing this form, please fax it to Contract Administration at 415-956-5187 to expedite the commencement of your agreement.*

Rev1 2014-04-01 | NC-TRI-19-A | BNP Paribas Leasing Solutions, a program of Bank of the West

Page 1 of 1



EXHIBIT D