# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**FARM CREDIT LEASING SERVICES CORPORATION**              **PLAINTIFF**

v.              Case No. 4:19-cv-00280-KGB

**TODD WELDON SMITH**              **DEFENDANT**

## PROTECTIVE ORDER

Before the Court is plaintiff Farm Credit Leasing Services Corporation's motion for protective order (Dkt. No. 9). Plaintiff represents that the proposed protective order is intended to address the designation of discovery material as confidential. Defendant Todd Weldon Smith responded to the motion, objecting to the proposed order (Dkt. No. 10). Mr. Smith has since withdrawn his objection to the motion (Dkt. No. 35).

For good cause shown, the Court grants Mr. Smith's motion to withdraw objection to protective order and plaintiff's motion for protective order but enters a slightly modified order from the one proposed by plaintiff (Dkt. Nos. 9, 35). The Court orders:

    1.     **Designation of Discovery Materials as Confidential.** All documents, data stored electronically or in any other medium from which information can be derived, tangible things or other materials, or information produced in connection with this litigation; and all answers or responses to interrogatories, requests for admission, requests for production of documents and things, depositions by written questions, and subpoenas, as well as all deposition testimony and exhibits; and physical or mental examinations or inspections, together with all documents, information, testimony, or other materials provided by agreement shall be subject to this Order concerning confidential information, as set forth below:

        a.     The designation of confidential information shall be made by placing or affixing on a document or other data source or compilation, to the extent possible and in a manner which will

not interfere with its readability, the word "CONFIDENTIAL." One who provides documents, information, testimony, or other materials may designate it as confidential only when such person in good faith believes it contains sensitive personal or personnel information, trade secrets or other confidential research and development, financial, business, or commercial data or information, including information the producing party designates in good faith because it has been previously maintained in a confidential manner and/or should be protected from disclosure and use outside the litigation because its disclosure and use is restricted or could potentially cause harm to the interests of disclosing party or nonparties.

    b. Except for documents produced for inspection at a party's facilities, the offices of its counsel, or other location, the designation of confidential information and materials shall be made prior to, or contemporaneously with, the production or disclosure of that information and materials to the extent possible. In the event that documents or other information sources are produced for inspection at the party's facilities, counsel's offices, or other location, such materials may be produced for inspection before being marked confidential. Once specific documents or other materials have been designated for copying, any such documents or materials containing confidential information shall be marked confidential by the producing party before delivery to the other parties. There will be no waiver of confidentiality by the inspection of confidential documents or materials before they are copied and marked confidential pursuant to this procedure. Further, the inadvertent or unintentional failure of the producing party to designate specific documents, information, testimony, or other materials as "CONFIDENTIAL" shall not be deemed a waiver of the producing party's claim of confidentiality or right to designate it as such upon discovery of the failure. Upon notice of any such failure to designate, the receiving party(ies) shall

reasonably cooperate to preserve the confidentiality of any such documents, information, testimony, or other materials from that point forward.

    c. The testimony or deposition of any person, including a party's present and former officers, directors, employees, agents, experts, representatives, and designees shall be deemed confidential if designated as such when the testimony is given or the deposition is taken or within ten (10) business days after receipt of the transcript. Any testimony or portion of a deposition which describes or relates to a document or other information source which has been designated as "CONFIDENTIAL" automatically shall also be deemed to be designated as "CONFIDENTIAL." The inadvertent or unintentional failure of a party to designate testimony or depositions as confidential shall not be deemed a waiver of the right to designate it as such upon the discovery of the failure. Upon notice of such failure to designate, the receiving party(ies) shall reasonably cooperate to preserve the confidentiality of such testimony or depositions from that point forward.

    d. Documents, testimony, information, or other materials designated as confidential under this Order by any person or entity shall not be used or disclosed by a receiving person, party, or entity for any purpose, including any business purpose, other than preparing for and conducting this litigation (including any appeals), and then only in accordance with the terms and conditions of this Order.

    e. The parties and counsel for the parties shall not disclose or permit the disclosure or use of any documents, testimony, information, or other materials designated as confidential under this Order by another party or non-party, without the express, written permission of the designating party, to any other person or entity, except that disclosures may be made to the following persons in the following circumstances:

i. The parties to this litigation, including any employees, agents, and representatives of the parties;

ii. Counsel for the parties and employees and agents of counsel;

iii. The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

iv. Court reporters, recorders, and videographers engaged for depositions;

v. Any mediator appointed by the Court or jointly selected by the parties;

vi. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A titled *Acknowledgment and Agreement to be Bound* ("Attachment A");

vii. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

viii. The author or recipient of the document (not including a person who received the document in the course of the litigation);

ix. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

x. Other persons only upon consent of the producing party and on such conditions as the parties may agree. Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents, testimony, information, and other

materials designated as confidential under this Order by other parties, persons, or entities within their exclusive possession and shall maintain such documents and other materials in a secure location accessible only to persons permitted access to such documents and other materials by the terms of this Order. Any person or entity to whom documents or materials designated confidential under this Order are disclosed or provided shall maintain all such documents and other materials in secure locations accessible only to persons allowed access to such documents and materials by this Order, and shall return all such documents and other materials to the counsel providing the documents to them as soon as they no longer are needed for purposes of assisting counsel in the conduct of the litigation. Nothing in this Order shall be deemed to limit in any way any party's, person's, or entity's right to use or disclose any of its own confidential documents in any way it deems appropriate.

f. All reproductions, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "Copies") of documents, testimony, information, or other material produced by another party or non-party and designated as confidential under this Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" by the party or person creating such Copies if the Copies are not already so designated and shall be maintained, used, and disclosed only as permitted by this Order.

2. **Confidential Information Filed with Court.** In the event a party seeks to file any document containing confidential information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of

the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with applicable rules. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.

3. **Party Seeking Greater Protection Must Obtain Further Order.** If any person or entity withholds testimony, documents, information, or other materials from discovery on the ground that the information or material to be disclosed requires protection greater than that afforded by this Order, the person or entity claiming a need for greater protection, or their counsel, shall move for an order providing such special protection within a reasonable amount of time after the information at issue is subject to disclosure, following good faith efforts to resolve any disputes.

4. All signed copies of Attachment A to this Order not otherwise made available to all parties or their counsel shall be maintained by the party obtaining such signed copies and shall be produced to counsel for the other parties only upon good cause shown.

5. **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion filed with the Court, only after the parties have met and conferred regarding the challenge. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. Once a challenge has been made to a designation of confidentiality, all parties, their counsel, and all others subject to this Order shall

maintain the information's confidentiality unless stipulated in writing by the parties or the Court orders that the information shall not be confidential.

6. **Return Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, including all appeals, unless otherwise stipulated in writing by the parties, all documents, testimony, information, or other materials, including Copies, designated as confidential pursuant to the terms of this Order and not received in evidence shall be returned to the producing party within 30 days. If the parties so stipulate, in writing, the material may be destroyed instead of being returned. The documents, testimony, information, and other materials, including copies, to be returned shall include all such materials provided to any person authorized to receive confidential materials under this Order, including employees of the parties and experts. It shall be the responsibility of outside counsel for each party to ensure that all confidential documents or other information provided by them or the party they represent or on its behalf to any other person or entity pursuant to this Order have been returned to the producing party or destroyed, as required by this Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals, in accordance with usual and customary procedures of the Court with due regard for the confidential nature of the materials.

7. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present confidential information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the confidential information. The Court may thereafter make

such orders as are necessary to govern the use of such documents or information at the hearing or trial.

It is so ordered this 10th day of April, 2020.

_____
Kristine G. Baker
United States District Judge

## *Acknowledgment and Agreement to be Bound*

### Attachment A

I, _____, certify, agree and affirm that I have read the Protective Order dated April 8, 2020, entered by the United States District Court for the Eastern District of Arkansas in the matter of *Farm Credit Leasing Services Corporation v. Todd Weldon Smith*. I further certify that I fully understand the procedural and substantive requirements of that Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, transcript, testimony, information, and other materials subject to the protection of that Order, and as a condition for such disclosure, review, and access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I hereby subject myself to the personal jurisdiction and venue of the United States District Court for the Eastern District of Arkansas for purposes of enforcement of the Order.

Dated this \_\_\_\_\_ day of _____, 20\_\_.