**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FARM CREDIT LEASING SERVICES CORPORATION**                    **PLAINTIFF**

**v.**                                   **Case No. 4:19-cv-00280-KGB**

**TODD WELDON SMITH**                                                          **DEFENDANT**

**ORDER**

Before the Court are several pending motions related to discovery in this case.  For the following reasons, consistent with the terms of this Order, the Court rules as follows:

1.      The Court denies as moot defendant Todd Weldon Smith's motion to expedite (Dkt. No. 21).

2.      The Court grants in part and denies in part defendant's first motion to compel (Dkt. No. 11).

3.      The Court grants in part and denies in part plaintiff Farm Credit Leasing Services Corporation's motion to compel (Dkt. No. 24).

4.      The Court grants in part and denies in part defendant's second motion to compel (Dkt. No. 28).

5.      The Court grants in part and denies in part defendant's supplement to his motions to compel (Dkt. No. 34).

The Court conducted a telephone hearing with counsel about these pending motions on April 13, 2020 (Dkt. No. 37).  The Court now examines the pending motions and subject discovery requests.

**I.      Defendant's Motion To Expedite**

Defendant filed a motion requesting that the Court direct plaintiff to make its objections to defendant's second set of discovery within 10 days from the date of the motion (Dkt. No. 21). Plaintiff responded in opposition to the motion (Dkt. No. 23).  The response time allowed under the Federal Rules of Civil Procedure has passed.  Therefore, the Court denies as moot the motion to expedite (Dkt. No. 21).

### II.      Defendant's Motions To Compel

Before the Court is defendant's first motion to compel (Dkt. No. 11), to which plaintiff responded in opposition and defendant replied (Dkt. Nos. 14, 17).  Also before the Court are defendant's second motion to compel (Dkt. No. 28) and defendant's supplement to his motions to compel (Dkt. No. 34).  With respect to certain interrogatories and requests for production in the first set of discovery, defendant essentially requests that plaintiff be required to answer the discovery without objection (Dkt. No. 11, at 3).  The Court will not deny defendant's motion to compel on the basis that the parties failed to confer in good faith prior to filing the motion (Dkt. No. 14, at 4).  Instead, the Court examines each discovery request.

### A.      Interrogatory Nos. 1 and 2 Of The First Set

Interrogatory No. 1 of the first set of defendant's discovery requests that plaintiff "[s]tate the name, address, and telephone number of all persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of this case to support any claim or defense of Plaintiff." (Dkt. No. 11, Ex. A, at 1).  Interrogatory No. 2 requests that plaintiff "[s]tate what knowledge each person identified in Interrogatory No. 1 possesses regarding the allegations contained in plaintiff's complaint." (*Id.* at 2).

In response to Interrogatory No. 1, plaintiff stated:  "FCL objects to this request on grounds the request for trial witnesses seeks information protected by the work-product doctrine and seeks

to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure.

Subject to and without waiving those objections . . . ." (*Id.* at 1).  Plaintiff then identified

individuals and categories of individuals, describing the knowledge of each.  In response to

Interrogatory No. 2, plaintiff referred back to its objections and responses to Interrogatory No. 1

(*Id.* at 2).

Defendant, in his supplement to his motions to compel (Dkt. No. 34), cites a discovery

order entered in *Taylor-Shaw v. Bestway Rent-to-Own*, No. 5:09CV00329 JLH, 2010 WL 2998796

(E.D. Ark. July 28, 2010).  Judge Holmes determined in that case:

> [T]he difficulty is that when a discovery response begins with an objection and then
> an answer is given "subject to and without waiving" the objection, the opposing
> party has no way to know if the answer is full and complete or whether information
> has been withheld as a result of the objection.  On the one hand, if no information
> has been withheld, the objection would seem gratuitous.  On the other hand, if
> information has been withheld, the party seeking discovery is entitled to know
> whether information has been withheld, and if so, what the nature of the information
> is, so that she can contest the objection.

*Id.* at *2.

This Court agrees with the *Taylor-Shaw* court's reasoning as applied to Interrogatory Nos.

1 and 2 in this case.  Although plaintiff represents that its responses to these interrogatories are

"complete," plaintiff persists in the objection (Dkt. No. 14, at 5).  The Court instructs plaintiff

either:  (1) to respond to Interrogatory Nos. 1 and 2 by identifying generally responsive information

withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege

log if information or documents are withheld on the basis of a claim of attorney-client privilege or

work-product doctrine so that defendant may assess whether to challenge the response; or (2) to

withdraw the objections based on plaintiff's responses.

### B.      Request For Production No. 1 Of The First Set

Request for Production No. 1 of defendant's first set of discovery requests that plaintiff "attach all documents or other items you may introduce as exhibits in the trial of this case, including any transcriptions of tape-recordings, or copies of any tapes or other records made." (Dkt. No. 11, Ex. A, at 2). Plaintiff responded by objecting that the request "seeks documents protected by the work-product doctrine and seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure." (*Id.*). Subject to this objection, plaintiff referred defendant to the exhibits attached to the complaint (*Id.*).

Based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 1 of defendant's first set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### C.   Interrogatory No. 6 And Request For Production No. 2 Of The First Set

Interrogatory No. 6 of defendant's first set of discovery asks plaintiff to "identify each person you expect to call as an expert witness at trial, state the subject on which the expert is

expected to testify, and state the substance of the facts and opinions to which the expert is expected

to testify and a summary of the grounds for each opinion." (*Id.*).  In response, plaintiff objected

"to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules

of Civil Procedure.  "Subject to and without waiving that objection," FCL responded that it will

"disclose experts in accordance with the Federal Rules of Civil Procedure and applicable

scheduling order." (*Id.*).  Request for Production No. 2 requested "any and all reports provided to

you by an expert witness." (*Id.*).  In response, plaintiff reasserted its objection and response to

Interrogatory No. 6  (*Id.* at 3).

With respect to this interrogatory and request for production, expert witness material is

different than other discovery material; it is addressed specifically in the Federal Rules of Civil

Procedure and this Court's scheduling order.  Defendant does not contend in his first motion to

compel that plaintiff somehow failed to comply with the Federal Rules of Civil Procedure or this

Court's scheduling order, nor does defendant assert good cause for being entitled in this case to

expert discovery any broader than what the Federal Rules of Civil Procedure and this Court's

scheduling order allow.  As a result, on the basis of the filings before the Court, the Court denies

defendant's first motion to compel with respect to Interrogatory No. 6 and Request for Production

No. 2 of defendant's first set of discovery.

### D.     Request For Production No. 3 Of The First Set

Request for Production No. 3 of defendant's first set of discovery seeks "for copying and

inspection the entire file and all documents regarding Defendant Todd Weldon Smith." (*Id.*).

Plaintiff responded:

> FCL objects to this request on grounds the phrases "entire file" and "all documents
> regarding" Defendant are vague, overbroad, and potentially seek material that is
> irrelevant and/or not proportional to the needs of the case.  FCL objects to this
> request to the extent it seeks confidential, proprietary information.  Further, FCL

objects to this request to the extent it seeks materials protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege. Subject to and without waiving those objections, FCL will produce relevant documents from its files, subject to the terms of an appropriate protective order.

(*Id.*).

The Court has now entered a protective order and understands that the response to these discovery requests likely have been or will be supplemented (Dkt. No. 36). Based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 3 of defendant's first set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### E.     Interrogatory No. 8 Of The First Set

Interrogatory No. 8 of defendant's first set of discovery asked plaintiff to "consider each of the above and foregoing interrogatories and requests for production of documents to be continuing in nature and supplement your response to these interrogatories and requests for production of documents immediately upon receipt of any supplemental, contradictory, additional or other amendatory information?" (*Id.*) In response, plaintiff stated: "FCL objects to this

interrogatory to the extent it seeks to impose obligations on FCL beyond those required by the Federal Rules of Civil Procedure. Subject to and without waiving that objection, and any objections asserted by FCL in response to any specific discovery request at issue, FCL will respond and supplement its responses to Plaintiff's discovery requests in accordance with the Federal Rules of Civil Procedure." (*Id.*)

Plaintiff acknowledges its obligation to supplement its discovery responses throughout this litigation. The Court has ruled specifically on the other discovery requests at issue, and to the extent Interrogatory No. 8 overlaps with those other requests, the Court's ruling on Interrogatory No. 8 is consistent.

### F.       Request For Production No. 1 Of The Second Set

Request For Production No. 1 of defendant's second set of discovery requests "for copying and inspection all files and documents you have regarding Defendant, Delta Southern, and Charles Schindler including all criminal files and internal investigation." (Dkt. No. 28, Ex. A, at 1). Plaintiff asserted several objections and then, "subject to and without waiving" the objections, represented that it would "produce responsive, non-privileged documents related to the transaction at issue in this lawsuit." (*Id.*)

Defendant maintains that plaintiff filed a claim in the criminal case of Charles Schindler and that, as a result, defendant should be entitled to see documents between plaintiff, plaintiff's counsel, and the United States Attorney in Mississippi where the criminal case is pending (Dkt. No. 28, ¶ 8). Further, defendant asserts that plaintiff does business with Delta Southern regarding defendant and that, as a result, defendant is entitled to the file and information requested (*Id.*).

To the extent plaintiff limited its response to "documents related to Defendant or the transactions at issue in this litigation," the Court sustains plaintiff's objection and directs plaintiff to limit its response appropriately based on this specific objection.

With respect to the remaining objections plaintiff asserts, based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either:   (1) to respond to Request for Production No. 1 of defendant's second set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses.  Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to assess a document production and discern without guidance what request the documents are intended to be responsive.  All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### G.     Request For Production No. 2 Of The Second Set

Request for Production No. 2 of defendant's second set of discovery seeks "for copying and inspection all files, documents and information received from any federal or state crime investigation or prosecution of Charles Schindler or anyone regarding Plaintiff's complaint but not limited to Plaintiffs complaint." (Dkt. No. 28, Ex. A, at 2).  Plaintiff asserted an objection "to this request to the extent it seeks materials protected by the attorney/client privilege and/or work product doctrine.  In addition, FCL object[ed] because the phrase 'regarding Plaintiff's complaint

but not limited to Plaintiffs complaint' is vague, ambiguous, and contradictory." (*Id.*). "Subject to and without waiving these objections," plaintiff stated that it would produce non-privileged, relevant documents in response (*Id.*). Defendant asserts that he is entitled to the information describing plaintiff's losses as asserted in the case against him, along with the response to the United States Attorney in Mississippi (Dkt. No. 28, at ¶ 9).

Defendant does not attempt in his motion to compel to clarify or refine Request for Production No. 2 of his second set of discovery. The Court agrees with plaintiff that the phrase "but not limited to Plaintiffs complaint" is vague, ambiguous, and contradictory. To the extent plaintiff objects to that phrase, the Court sustains the objection and strikes that phrase from Request for Production No. 2 of defendant's second set of discovery.

With respect to the remaining objections plaintiff asserts, based on the analysis in *Taylor-Shaw*, the Court instructs plaintiff either: (1) to respond to Request for Production No. 2 of defendant's second set of discovery by identifying generally responsive information withheld on the basis of the objections asserted by plaintiff and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work-product doctrine so that defendant may assess whether to challenge the response; or (2) to withdraw the objections based on plaintiff's responses. Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to assess a document production and discern without guidance what request the documents are intended to be responsive. All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### H.      Request For Production No. 4 Of The Second Set

In Request for Production No. 4 of defendant's second set of discovery, defendant seeks "all communications between Plaintiff and Co Bank." (Dkt. No. 28, Ex. A, at 2). Plaintiff objected to the request and stated that it would not produce documents in response. According to defendant, CoBank owns plaintiff, and plaintiff sent this same request to defendant (Dkt. No. 28, ¶ 11). Defendant represents that it answered plaintiff's similar discovery request and, therefore, is entitled to the information (*Id.*).

The Court sustains plaintiff's objections to Request for Production No. 4 of defendant's second set of discovery. Among other things, the request is unlimited in time and scope. The Court does not know the relationship between plaintiff and Co Bank, the duration of the relationship, the subject of the relationship, or how that relationship may be related to this litigation. As a result, the Court will not rewrite this request for defendant.

### I.      Request For Production No. 7 Of The Second Set

Defendant seeks in Request for Production No. 7 of the second set of discovery "all documents, communications, including any photographs you believe to be relevant to Plaintiff's claims." (Dkt. No. 28, Ex. A, at 3). In response, plaintiff objected to the request "as duplicative of prior requests for production and to the extent it seeks FCL's confidential and/or proprietary documents." (*Id.*). Subject to that objection, and when the Court rules on the pending motion for protective order, plaintiff states that it "will produce relevant, responsive documents to this request upon the Court's ruling on its motion for protective order." (*Id.*, at 4). Initially, defendant maintained that there should not be confidential documents; defendant argued that the documents were disclosed either to defendant, the United States Attorney in Mississippi, or a third party and should be produced.

The Court has now entered a protective order (Dkt. No. 36).  After plaintiff produces documents responsive to this request as it represented it would do, to the extent necessary, defendant may renew his motion to compel with request to this request.

### III.   Plaintiff's Motion To Compel

Plaintiff filed a motion to compel defendant to produce documents responsive to Requests for Production Nos. 4 to 12, 14, and 18 of plaintiff's first set of discovery and "to provide complete, non-evasive answers to Interrogatory Nos. 2, 4, 9, 20, and 22–27 . . . ." (Dkt. No. 24, at 1).

### A.   Requests For Production Nos. 4 to 12

Plaintiff moves to compel defendant to respond to Requests for Production Nos. 4 to 12, representing that defendant responded to these requests by stating, "I am looking." (Dkt. No. 24, at 4).[1]  Defendant did not object to these requests.  Since his initial responses, defendant has produced certain documents responsive to Requests for Production Nos. 4 and 7, but he has not indicated whether his responses are now complete, according to plaintiff at the time the motion was filed.  With regard to the other subject requests, defendant has produced no documents nor has he responded further, according to plaintiff at the time the motion was filed.

All parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive.  All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with

---

[1]  Plaintiff did not attach defendants' responses to it second set of discovery requests to its second motion to compel.  Plaintiff subsequently electronically submitted defendants' responses to the Court but did not file them of record with the Court.

newly identified information or documents.  The Court specifically requests that defendant comply with this Court's order in regard to his responses to Requests for Production Nos. 4 to 12.

### B.      Request For Production No. 14

Plaintiff's Request for Production No. 14 seeks "[d]ocuments and communications, including any photographs, of any other equipment delivered to you, that you believe may be relevant to your claims or affirmative defenses." (*Id.*).   Plaintiff represents that defendant responded, "No idea how to answer this overbroad request." (*Id.*).  Plaintiff maintains that this is an inappropriate response and not a sufficient objection under Federal Rules of Civil Procedure 34.

All parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive.  All parties also must state when a response to a request for production is complete, with the understanding that all parties in compliance with the Federal Rules of Civil Procedure and controlling case law are under an ongoing obligation to supplement discovery responses with newly identified information or documents.  The Court specifically requests that defendant comply with this Court's order in regard to his responses to Request for Production No. 14.

### C.      Request For Production No. 18

Plaintiff's Request for Production No. 18 seeks documents that plaintiff provided to or received from the Federal Bureau of Investigation, United States Attorneys' Office, or any other government or law enforcement agency regarding Delta Southern, Charles Schindler, or this lawsuit (*Id.*, at 5).  Plaintiff represents that defendant objected on the basis of attorney-client privilege and then stated, "I have no idea." (*Id.*).  Plaintiff confirms that defendant produced one

document responsive to this request, but it is unclear whether defendant is withholding documents, has other responsive documents to produce, or deems his response complete, according to plaintiff at the time the motion was filed.

To the extent defendant objects to Request for Production No. 18 on the basis of attorney-client privilege or attorney-work product, based on the analysis in *Taylor-Shaw*, the Court instructs defendant either:   (1) to respond to Request for Production No. 18 by identifying generally responsive information withheld on the basis of the objections asserted by defendant and specifically to produce a privilege log if information or documents are withheld on the basis of a claim of attorney-client privilege or work product doctrine so that plaintiff may assess whether to challenge the response; or (2) to withdraw the objections based on defendant's responses.  Also, all parties must identify in some way documents produced responsive to each request for production, so that the other party is not left to review a document production and discern without guidance from the producing party what request the documents are intended to be responsive.  All parties also must state when a response to a request for production is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.  The Court specifically requests that defendant comply with this Court's order in regard to his responses to Request for Production No. 18.

### D.      Interrogatory No. 2

Plaintiff's Interrogatory No. 2 asks defendant to identify each person or entity known to him with knowledge of any facts relating to this action, stating in detail the nature and extent of each person's knowledge (*Id.*).    Plaintiff represents that defendant did not object to the

interrogatory but only provided a list of names, not information with respect to each individual's purported knowledge (*Id.*)

The Court grants plaintiff's motion to compel with respect to Interrogatory No. 2 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### E.    Interrogatory No. 4

Plaintiff's Interrogatory No. 4 asks defendant to identify documents, written materials, and/or communications that relate in any way to or contain facts or opinions related to the claims in this action  (*Id.*).  Plaintiff represents that defendant responded, "I have no idea how to answer this question."  (*Id.*)  Plaintiff maintains this is an inappropriate response and not a sufficient objection under Rule 34 of the Federal Rules of Civil Procedure.  (*Id.*, at 5–6).  During the telephone hearing in this matter, counsel for plaintiff withdrew without prejudice its motion to compel with respect to Interrogatory No. 4.

### F.    Interrogatory No. 9

In Interrogatory No. 9, plaintiff asks defendant whether the document attached as Exhibit 4 to the complaint is a full, true, and correct copy of the Lease and, if not, to describe in detail all aspects in which the instrument differs from the Lease (*Id.*, at 6).  Defendant responded, "I did not sign on August 1, 2017." (*Id.*).  Plaintiff asserts this is non-responsive and evasive, in that it is unclear whether defendant is denying signing the Lease or whether he is denying signing the Lease on August 1, 2017 (*Id.*).  Further, plaintiff maintains that, because defendant did not object to this request, he should have to respond fully (*Id.*).

The Court agrees that defendant's response to Interrogatory No. 9 is deficient.  The Court grants plaintiff's motion to compel with respect to Interrogatory No. 9 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### G.    Interrogatory No. 20

Plaintiff requests that defendant describe the circumstances in which he signed the Lease and related Lease Documents in Interrogatory No. 20 (*Id.*).  In response, defendant stated, "I did not sign on that date.  Your employee changed the date." (*Id.*).  Plaintiff maintains that, like his response to Interrogatory No. 9, this response is evasive and unclear in that plaintiff does not know whether defendant denies signing the Lease all together or denies signing the Lease on the specific date listed (*Id.*).

The Court agrees that defendant's response to Interrogatory No. 20 is deficient.  The Court grants plaintiff's motion to compel with respect to Interrogatory No. 20 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### H.    Interrogatory No. 22

Plaintiff asked defendant in Interrogatory No. 22 whether defendant claims to be excused from performing any of the obligations under the Lease Documents and, if so, to state facts constituting the excuse (*Id.*, at 7).  Plaintiff represents that, in response, defendant responded, "Yes,

because it is back-dated, forged, and not enforceable." (*Id.*).  Plaintiff asserts that this response is evasive; it is unclear whether defendant takes the position he did not sign the Lease Documents on August 1, 2017, but did sign them on a different date (*Id.*).  Plaintiff maintains that defendant did not object to Interrogatory No. 22 and should be required to respond fully (*Id.*).

The Court agrees that defendant's response to Interrogatory No. 22 is deficient.  The Court grants plaintiff's motion to compel with respect to Interrogatory No. 22 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

## I.     Interrogatory No. 23

Plaintiff requests in Interrogatory No. 23 whether defendant informed plaintiff of any reason for non-performance under the Lease Documents and, if so, to provide the date and manner of the communication (*Id.*).  Defendant responded to this interrogatory by stating, "Yes, by my attorney." (*Id.*).  Defendant's current counsel, in the meet-and-confer discussion, represented that defendant's former counsel had the communication; he did not know the details.  Plaintiff maintains that, regardless, defendant knows the details and should be required to respond fully to Interrogatory No. 23.

The Court agrees that defendant's response to Interrogatory No. 23 is deficient.  The Court grants plaintiff's motion to compel with respect to Interrogatory No. 23 and directs defendant to supplement his response based on his knowledge or to state that, based on his knowledge, his response is complete, with the understanding that all parties, in compliance with the Federal Rules

of Civil Procedure and controlling case law, are under an ongoing obligation to supplement discovery responses with newly identified information or documents.

### J.      Interrogatory Nos. 24 to 27

Plaintiff states that, in its initial set of discovery, it made an inadvertent typographical error, listing plaintiff instead of defendant with respect to Interrogatory Nos. 24 to 27.  Although plaintiff corrected this oversight in a meet-and-confer discussion with defendant's counsel, the Court understands that plaintiff did not propound corrected, substituted interrogatories.  The Court directs plaintiff to propound to defendant corrected, substituted interrogatories for Interrogatory Nos. 24 to 27 to which defendant is required timely to object or respond.  After receiving defendant's responses, plaintiff may renew its motion to compel, if necessary.

### IV.      Conclusion

For the foregoing reasons, the Court rules, consistent with the terms of this Order, as follows:

1.      The Court denies as moot defendant's motion to expedite (Dkt. No. 21).

2.      The Court grants in part and denies in part defendant's first motion to compel (Dkt. No. 11).

3.      The Court grants in part and denies in part plaintiff's motion to compel (Dkt. No. 24).

4.      The Court grants in part and denies in part defendant's second motion to compel (Dkt. No. 28).

5.      The Court grants in part and denies in part defendant's supplement to his motions to compel (Dkt. No. 34).

It is so ordered this 21st day of April, 2020.

Kristine G. Baker
United States District Judge